**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-01473-RM-KMT

DILLON COMPANIES, INC. d/b/a KING SOOPERS,

    Plaintiff,

v.

UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 7,

    Defendant.

_____

**ORDER DENYING MOTIONS TO CONSOLIDATE (ECF NOS. 9 and 27)**
_____

THIS MATTER is before the Court on Plaintiff's ("King Soopers") Motions to
Consolidate (ECF Nos. 9 and 27) filed pursuant to Fed. R. Civ. P. 42(a), seeking to consolidate
*United Food and Commercial Workers International Union, Local No. 7 v. King Soopers, Inc.*,
14-cv-01849-RM-BNB, and *United Food and Commercial Workers International Union, Local
No. 7 v. King Soopers, Inc.*, 14-cv-02132-CMA-CBS, with the case pending before this Court,
Case No. 14-cv-01473-RM-KMT.  The Motions to Consolidate are opposed by Defendant
United Food and Commercial Workers, Local No. 7 (the "Union").  As the Court to whom the
lowest numbered case included in the proposed consolidation is assigned, the Motions to
Consolidate are to be decided by this Court.  D.C.COLO.LCivR 42.1.  Upon consideration of the
relevant materials in all cases, and the applicable rules and case law, the Court DENIES
Plaintiff's Motions to Consolidate.

Pursuant to Fed. R. Civ. P. 42(a), actions which involve "a common question of law or fact" may be consolidated.  Whether to consolidate is vested in the broad discretion of the district court.  *American Employers' Ins. Co. v. King Resources Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976); *Gillette Motor Trans. v. Northern Okla. Butane Co.*, 170 F.2d 711, 712 (10th Cir. 1950). "The purpose of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'"  *Skaggs v. Level 3 Commc'ns, Inc.*, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (*quoting Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)).

In its Motions to Consolidate, King Soopers argues the three cases involve this common issue of law and fact – they "fundamentally involve the Union's attempts to circumvent the parties' CBA [Collective Bargaining Agreement]."  (ECF No. 27, page 3.)  In addition, King Soopers argues that consolidation is appropriate because the same parties are involved in all cases, judicial efficiency will be served, no party will be prejudiced as the cases are in the same stages of litigation, and discovery will "largely involve the same witnesses, documents and information."  The Union contends –cursorily – that consolidation is inappropriate as there are no common facts or legal issues, it would cause delays in the resolution of the cases, and it would confuse the issues before the Court.

The Court's review of the relevant papers finds consolidation is not appropriate.  The lack of commonality is shown by an examination of the cases.  In the first filed action, Case No. 14-cv-1473 ("First Action"), in five of its six claims, King Soopers seeks to vacate an arbitration award based on allegations of improper conduct by the *Arbitrator* who heard employee Kevin

2

Martin's grievance, including allegations that she ignored the parties' alleged scheduling practices.  In its sixth claim, King Soopers seeks damages for the Union's alleged breached of the CBA by engaging in wrongful conduct, including "subverting" the parties' alleged practice of scheduling hearings in the order in which the grievances are filed, except for cases with ongoing liability (*e.g.*, discharges) which have priority.

In the second filed action, Case No. 14-cv-01849, the Union seeks to compel arbitration, pursuant to the CBA, of grievances filed on behalf of employees Adina Aragon and Cathy Johnson.  King Soopers defends based on allegations that arbitrations are to be scheduled according to the parties' established practice of scheduling arbitrations stemming from an employee's termination first, and, if there are pending grievances related to an employee's suspension and subsequent termination, the established practice of arbitrating the cases together. King Soopers also contends the Complaint should be dismissed because the Union has failed to exhaust the grievance procedures in the CBA and because those employees' grievances are scheduled for arbitration and, therefore, there is nothing to compel.

In the third filed action, Case No. 14-cv-02132, the Union seeks specific performance to enforce an arbitration award issued in favor of employee Carolyn Villegas.  The Union alleges that the arbitrator awarded reinstatement and back pay, but King Soopers breached the CBA by refusing to pay "any" back pay.  King Soopers defends alleging that the parties' dispute over Ms. Villegas' back pay should be arbitrated in accordance with the parties' long-standing practice.

As shown by the pleadings, while the three cases arise out of the parties' relationship under the CBA and their "practices," each of the "practices" at issue are different.  While all cases involve the same *named* parties, the Union is a party as a representative of its member

employees, and each case involves facts, circumstances and "practices" particular to that

member's (or members') grievance(s).  And, in the First Action, the practice at issue is

predominated by the issues relating to the Arbitrator's alleged improper actions.  The cases also

seek different types of relief.  Finally, King Soopers' conclusory statement that the same

witnesses, documents and information are "largely involved" is insufficient to establish such is

the case.  In summary, in light of all these considerations, the Court finds that consolidation of

the three cases is not in the interest of the parties or the Court.  Therefore, it is

      **ORDERED** that Plaintiff's Motions to Consolidate (ECF Nos. 9 and 27) are **DENIED**.

      DATED this 20th day of October, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge